**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1400**

TAMRAT ASRAT,

> Petitioner,

> v.

MERRICK B. GARLAND, Attorney General,

> Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 24, 2022                    Decided: February 28, 2022

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Minji Kim, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Petitioner. Brian Boynton, Acting Assistant Attorney General, John S. Hogan, Assistant Director, Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tamrat Asrat, a native and citizen of Ethiopia, petitions for review of the order of the Board of Immigration Appeals dismissing Asrat's appeal of the immigration judge's order denying his motion to reopen on timeliness grounds and declining to sua sponte reopen Asrat's removal proceedings. We deny the petition for review in part and dismiss it in part.

Upon review of Asrat's appellate arguments related to the agency's timeliness determination, we discern no abuse of discretion in the Board's affirmance of this aspect of the immigration judge's order.[*] 8 C.F.R. § 1003.23(b)(1), (b)(3) (2021); *INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Lawrence v. Lynch*, 826 F.3d 198, 203 (4th Cir. 2016) (reiterating standard of review and the "extreme deference" afforded the agency's denial of a motion to reopen (internal quotation marks omitted)). We therefore deny the petition for review in part for the reasons stated by the Board. *See In re Asrat* (B.I.A. Mar. 16, 2021). However, we lack jurisdiction to review Asrat's arguments pertaining to the immigration judge declining to exercise his authority—and discretion—to sua sponte

---

[*] To the extent that Asrat complains of the Board's failure to separately consider whether to equitably toll the 90-day reopening period, *see Kuusk v. Holder*, 732 F.3d 302, 305-06 (4th Cir. 2013) (recognizing that principles of equitable tolling apply to "untimely motions to reopen removal proceedings"), the record confirms that Asrat did not raise an equitable tolling argument in his motion to reopen before the immigration judge. The Board thus declined to consider this issue because it was raised for the first time in the administrative appeal. Asrat does not challenge this procedural aspect of the Board's ruling in his appellate brief. Accordingly, Asrat has waived appellate review of this aspect of the Board's order. *See* 4th Cir. R. 34(b); *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013) (noting that failing to challenge Board's ruling or finding in opening brief waives issue).

reopen Asrat's proceedings and the Board's subsequent affirmance of that ruling.  *See Lawrence*, 826 F.3d at 206-07.  Accordingly, we dismiss the petition for review in part as to that claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART AND*
*DISMISSED IN PART*

3